1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7

8                        **FOR THE DISTRICT OF ARIZONA**

9

10   IN RE:  BARD IVC FILTERS PRODUCTS          MDL No. 15-2641
     LIABILITY LITIGATION

11
     This Order Relates to:
12                                              No. CV-16-02442-PHX-DGC
     Oma Hardwick, et al.,
13
                          Plaintiffs,
14                                              **ORDER**
     v.
15
     C.R. Bard, Inc., et al.,
16
                          Defendants.
17

18

19          This case was originally filed in Missouri state court.  Defendants removed the

20   case to the United States District Court for the Eastern District of Missouri, and it was

21   transferred to this Court to become part of this MDL proceeding.  Defendants have filed a

22   motion to dismiss for lack of personal jurisdiction.  *See* Docs. 9, 10 in *Hardwick v. C.R.*

23   *Bard, Inc.*, No. 2:16-cv-02442-PHX-DGC (E.D. Mo. July 8, 2016).[1]   Plaintiffs have

24   responded (E.D. Mo. Doc. 21) and filed a motion to remand (Doc. 3316).  No party has

25   requested oral argument.  For the following reasons, the Court will grant Defendants'

26   motion to dismiss and deny Plaintiffs' motion to remand.

27
            ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
28          [1] To avoid confusion, documents filed in the Eastern District of Missouri after
     removal but before consolidation in this MDL will be cited as "E.D. Mo. Doc.," and
     documents filed in MDL No. 2641 will be cited as "Doc."

## I.     Background.

The allegations of Plaintiffs' complaint are taken as true for purposes of this motion.  Plaintiffs are eight unrelated persons from states other than Missouri.  They are citizens of West Virginia, Pennsylvania, Tennessee, Louisiana, California, and Georgia.  E.D. Mo. Doc. 1-1,  ¶¶ 167, 169, 171, 173, 175, 177, 181.  Plaintiff Rudolph Iglewski is a citizen of Arizona.  *Id.*, ¶ 179.

Defendant C.R. Bard, Inc. is a Delaware corporation with its principal place of business in New Jersey.  *Id.*, ¶ 16.  Defendant Bard Peripheral Vascular, Inc. ("BPV") is a wholly-owned subsidiary of C.R. Bard, Inc., with its principal place of business in Arizona.  *Id.*, ¶ 17.  Defendants manufacture a line of Inferior Vena Cava ("IVC") filters designed to capture blood clots that travel from lower portions of the body to the heart and lungs.  *Id.*, ¶¶ 1-2, 25-27.

On July 7, 2016, Plaintiffs filed this action against Defendants C.R. Bard, Inc. and BPV (collectively "Bard") in the Circuit Court for the Twenty-Second Judicial Circuit, St. Louis City, Missouri.  *See id.* at 1.  Plaintiffs allege, as do the plaintiffs in this MDL, that they each received a Bard IVC filter and have suffered injury as a "direct and proximate result of Defendants' negligence and wrongful conduct, and the unreasonably dangerous and defective characteristics of Bard IVC Filters."  E.D. Mo. Doc. 1-1, ¶ 183.

On July 8, 2016, Bard removed this case to federal court in the Eastern District of Missouri on the basis of diversity jurisdiction, and requested transfer to this MDL.  *See* E.D. Mo. Doc. 1.  Bard also moved to dismiss Plaintiffs' action for lack of personal jurisdiction.  *See* E.D. Mo. Docs. 9-10.  On September 6, 2016, Plaintiff filed a motion to remand the case to Missouri state court.  *See* Doc. 3316.

## II.     Legal Standard.

A civil case brought in state court may be removed to federal court in the district where the action is pending if the federal district court would have had original jurisdiction, including diversity jurisdiction.  28 U.S.C. §§ 1332, 1441.  Removal based on diversity jurisdiction is not proper if complete diversity of citizenship is lacking, but

"[c]ourts have long recognized fraudulent joinder as an exception to the complete diversity rule." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).[2] The removal statute, 28 U.S.C. § 1441, is to be strictly construed against removal. *See Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). A defendant seeking to remove a case to federal court carries the burden of establishing diversity jurisdiction, and "[a]ll doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Preempro*, 591 F.3d at 620 (citation omitted); *see* 28 U.S.C. § 1447(c).

## III.   Analysis.

In their notice of removal, Defendants asserted that the diversity-destroying Plaintiff, Rudolph Iglewski of Arizona, was fraudulently joined because his claims have no reasonable basis in Missouri. E.D. Mo. Doc. 1 at 10-11. In their motion to dismiss, Defendants argue that this Court lacks personal jurisdiction over Defendants because no Plaintiff asserts sufficient facts to establish such personal jurisdiction in any Missouri court. E.D. Mo. Docs 9-10; Doc. 3397 at 3-8. In their response and motion to remand, Plaintiffs argue that the Court lacks subject matter jurisdiction because complete diversity is lacking (due to the Arizona citizenship of both Iglewski and BPV), Defendants therefore improperly removed this case to federal court, and, in ruling on the various motions, the Court must decide subject matter jurisdiction before addressing personal jurisdiction, which will result in immediate remand. E.D. Mo. Doc. 21; Doc. 3316. Plaintiffs also argue that they are not fraudulently joined because all Plaintiffs allege injuries arising from the same product and common facts (Doc. 3316-1 at 4-10), and "the obvious lack of federal subject matter jurisdiction precludes consideration of the [personal jurisdiction] issues raised in Defendants' motion to dismiss" (E.D. Mo. Doc. 21

---

[2] Because an MDL transferee court applies the substantive law of the transferor forum, the Court will apply the substantive law of the Eastern District of Missouri and the Eighth Circuit to this motion. *In re Zicam Cold Remedy Mktg., Sales Practices, & Prods. Liab. Litig.*, 797 F. Supp. 2d 940, 941 (D. Ariz. 2011) (citing *Ferens v. John Deere Co.*, 494 U.S. 516, 525 (1990)).

at 4; *see also* Doc. 3316-1 at 10-11).   The Court will first determine whether it must decide subject matter jurisdiction before personal jurisdiction.

### A.   Priority of Jurisdictional Arguments.

"Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject matter jurisdiction) and authority over the parties (personal jurisdiction), so that the court's decision will bind them."  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999).  "[I]n cases removed from state court to federal court, as in cases originating in federal court, there is no unyielding jurisdictional hierarchy."  *Id.* at 578.  "[I]n most instances subject-matter jurisdiction will involve no arduous inquiry.  In such cases, both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first."  *Id.* at 587-88 (citations omitted).  But where "a district court has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction."  *Id.* at 588; *see also Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001) ("certain threshold issues, such as personal jurisdiction, may be taken up without a finding of subject-matter jurisdiction, provided that the threshold issue is simple when compared with the issue of subject-matter jurisdiction.").

Plaintiffs argue that subject matter jurisdiction analysis in this case is simple because complete diversity is lacking.  Doc. 3316-1 at 2.  They ask the Court to remand the case for lack of subject matter jurisdiction and leave the personal jurisdiction issue for the state court to resolve.  *Id.* at 10.

Plaintiffs oversimplify.  Defendants argue that Plaintiff Iglewski's claims were fraudulently joined to destroy complete diversity.  E.D. Mo. Doc 1 at 10-11; E.D. Mo. Doc. 10 at 2-11.  "The Court cannot simply ignore or summarily reject this argument to make its subject matter jurisdiction analysis easier."  *In re Testosterone Replacement Therapy Prod. Liab. Litig. Coordinated Pretrial Proceedings*, 164 F. Supp. 3d 1040,

1044 (N.D. Ill. 2016) ("*TRT*").  Defendants' fraudulent joinder argument raises complicated issues on which there is no controlling Eighth Circuit precedent, such as whether the fraudulent joinder doctrine applies to plaintiffs who allegedly cannot invoke the court's personal jurisdiction.  The fraudulent joinder argument makes the subject matter jurisdiction analysis "rather complicated," especially since the inquiry involves "the more unusual question of 'fraudulent joinder' of a plaintiff." *Foslip Pharm., Inc. v. Metabolife Int'l, Inc.*, 92 F. Supp. 2d 891, 899 (N.D. Iowa 2000).  The personal jurisdiction question, by contrast, does not present a complex question, and the Court therefore concludes that addressing it will not offend principles of federalism. *Ruhrgas AG*, 526 U.S. at 588.

What is more, Defendants' subject matter jurisdiction argument relies on their claim that Plaintiff Iglewski was joined solely to defeat diversity jurisdiction, and that the joinder was improper because Iglewski, who is from Arizona and received none of his medical treatment in Missouri, cannot establish personal jurisdiction over Defendants in a Missouri court.  Doc. 3397 at 4.  Thus, the Court necessarily will confront the personal jurisdiction issue regardless of the sequence in which it conducts the analysis. *See TRT*, 164 F. Supp. 3d at 1046.

The Court will first address personal jurisdiction.  If personal jurisdiction is lacking, the Court may dismiss all claims without delving into the fraudulent joinder analysis.

**B.     Personal Jurisdiction.**

The Court need not decide whether to apply federal law or Missouri law because "[f]ederal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons," *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (citation omitted), and Missouri has authorized its courts to exercise jurisdiction to the maximum extent permitted by the Due Process Clause, *see J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 253 (Mo. 2009).  Thus, whether in federal court or Missouri courts, the question of personal jurisdiction turns on well-known principles of due process law.

Missouri may exercise jurisdiction over a defendant who is not physically present in the State if the defendant has minimum contacts with Missouri, such that suit can be maintained there without offending "'traditional notions of fair play and substantial justice.'" *J. McIntyer Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The party asserting personal jurisdiction bears the burden of establishing a prima facie case that jurisdiction exists. *Johnson v. Woodcock*, 444 F.3d 953, 955 (8th Cir. 2006). "To survive a motion to dismiss, the plaintiff must state sufficient facts in the complaint to support a reasonable inference that [the defendant] may be subjected to jurisdiction in the forum state." *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008).

Personal jurisdiction can be general or specific. *Daimler AG v. Bauman*, 134 S.Ct. 746, 754 (2014). General jurisdiction – sometimes referred to as "all-purpose jurisdiction" – exists when a defendant's contacts with the State "are so continuous and systematic as to render [it] essentially at home in the forum State." *Id.* (citing *Goodyear Dunlap Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851 (2011)). Specific jurisdiction refers to jurisdiction which "arises out of or relates to the defendant's contacts with the forum." *Id.* (citing *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). Defendants assert that a Missouri court in this case lacks both general and specific jurisdiction over them. E.D. Mo. Docs. 9-10.

### 1.   General Personal Jurisdiction.

Plaintiffs argue that Defendants are subject to general personal jurisdiction in Missouri because they purposefully directed their marketing activities at Missouri and derived substantial revenues from the State. E.D. Mo. Doc. 21. But this plainly is insufficient for general jurisdiction. As the Supreme Court has explained:

> only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there. For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home. With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for

1
2

> general jurisdiction.  Those affiliations have the virtue of being unique –
> that is, each ordinarily indicates only one place – as well as easily
> ascertainable.

3

*Daimler*, 134 S. Ct. at 760 (citations, quotation marks, and brackets omitted).  Plaintiffs

4

do not contend, and cannot contend, that Defendants are incorporated or have their

5

principal places of business in Missouri.

6

Plaintiffs argue that Defendants aggressively marketed their IVC filters in

7

Missouri and realized substantial revenues from the State, but the Supreme Court held in

8

*Daimler* that this is not enough for general jurisdiction.  The Court rejected "the exercise

9

of general jurisdiction in every State in which a corporation engages in a substantial,

10

continuous, and systematic course of business." *Id.* at 761 (quotation marks and citation

11

omitted).  The Court specifically declined to approve general jurisdiction "in every . . .

12

State in which [the defendant's] sales are sizable." *Id.*  The inquiry "is not whether a

13

foreign corporation's in-forum contacts can be said to be in some sense continuous and

14

systematic, it is whether that corporation's affiliations with the State are so continuous

15

and systematic as to render it essentially at home in the forum State." *Id.* (quotation

16

marks, citations, and brackets omitted).

17

Defendants are not subject to general jurisdiction in Missouri.  Their marketing

18

efforts and profits from the State are not sufficient, and Plaintiffs cannot show that they

19

otherwise operate so continuously and systematically in Missouri as to render them "at

20

home" there.  As noted above, Defendant C.R. Bard, Inc. is a Delaware corporation with

21

its principal place of business in New Jersey (Doc. 1-1, ¶ 16), and Defendant BPV is a

22

wholly-owned subsidiary of C.R. Bard, Inc., with its principal place of business in

23

Arizona (*id.*, ¶ 17).[3]

24
25
26
27
28

---

[3] Plaintiffs cite *Neely v. Wolters Kluwer Health, Inc.*, No. 4:11-cv-325, 2013 U.S. Dist. LEXIS 106191, *13-19 (E.D. Mo. July 30, 2013), which found general jurisdiction over an out-of-state corporation that was not incorporated and did not have its principal place of business in Missouri.  E.D. Mo. Doc. 21 at 8, n.2.  But the Court does not see, and Plaintiffs do not explain, how such a ruling survives *Daimler*.

1

2.      **Specific Personal Jurisdiction.**

2

Specific personal jurisdiction exists when a defendant has purposefully availed

3

itself of the privilege of conducting business in the State and the plaintiff's injuries arise

4

out of the defendant's forum-related activities.  *Burger King Corp. v. Rudzewicz*, 471

5

U.S. 462, 472 (1985).  As the Eighth Circuit has explained, specific jurisdiction applies to

6

"causes of action arising from or related to a defendant's actions within the forum state."

7

*Pangaea, Inc. v. Flying Burrito LLC*, 647 F.3d 741, 745-46 (8th Cir. 2011).  "[S]pecific

8

jurisdiction is viable only if the injury giving rise to the lawsuit occurred within or had

9

some connection to the forum state."  *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070,

10

1073 (8th Cir. 2004).

11

Plaintiffs present no facts to suggest that their alleged injuries from Bard IVC

12

filters arise out of or relate to Defendants' actions in Missouri.  No Plaintiff is a citizen of

13

Missouri, and no event giving rise to their claims took place there.  *See* E.D. Mo. Doc. 1-

14

1, ¶¶ 167-181; E.D. Mo. Doc. 10 at 1.  Plaintiffs present no evidence or allegation that

15

they were ever in Missouri, much less that they were subjected to any advertising, doctor

16

recommendation, filter implants, illness, injury, or medical care there.  Because Plaintiffs

17

received their Bard filters and related medical care in other States, they cannot show that

18

their injuries arise out of or relate to Defendants' Missouri activities.[4]

19

Plaintiffs do make conclusory allegations that "[a]ll Plaintiffs' claims arise in part

20

from conduct Defendants purposefully directed to Missouri," and that "Plaintiffs' claims

21

arise out of Defendants' design, marketing and sale of Bard IVC Filters in the State of

22

---

23

        [4] Plaintiffs rely on *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 776 (1984), for

24

the proposition that a plaintiff need not have any meaningful contacts with the forum
state.  But *Keeton* did not alter the requirement that a plaintiff's injuries must arise out of

25

or be related to the defendant's activities in the forum.  *Keeton* involved a libel suit
brought by a non-resident for libelous communications in New Hampshire.  The Supreme

26

Court specifically recognized that the injury must arise from the defendant's conduct in
the State, holding that "New Hampshire may also extend its concern to the injury that *in-*

27

*state libel causes within New Hampshire* to a nonresident.  The tort of libel is generally
held to occur wherever the offending material is circulated."  *Id.* at 776-777 (emphasis
added); *see also id.* at 776 ("it is beyond dispute that New Hampshire has a significant

28

interest in redressing injuries *that actually occur within the State*. . . . This interest
extends to libel actions brought by nonresidents.") (emphasis added).

Missouri." *Id.* at ¶¶ 11-12.  But such conclusory allegations are not sufficient to establish personal jurisdiction.  *See Dever*, 380 F.3d at 1074 (holding that a plaintiff failed to establish personal jurisdiction over a defendant where the plaintiff rested on conclusory allegations); *T.L.I. Holding Corp. v. Samsung Int'l, Inc.*, No. 4:07-cv-01916-FRB, 2008 WL 2620910, at *5 (E.D. Mo. June 27, 2008) ("[C]onclusory allegations are insufficient to support a finding that this Court has personal jurisdiction over [the defendant].").  Plaintiffs provide no facts to show how their claims arise out of Bard's marketing and sales of IVC filters in Missouri, particularly given that none of the Plaintiffs allege they received their filters in Missouri or otherwise have a link to the State.  Plaintiffs have failed to show that their claims arise out of or relate to Defendants' actions in Missouri.[5]

**IV.      Conclusion.**

Because Plaintiffs cannot establish either general or specific jurisdiction over Defendants with respect to any claim, the Court will grant Defendants' motion to dismiss. The Court need not address the issue of subject matter jurisdiction.  This ruling does not preclude Plaintiffs from filing suit in a State that can exercise personal jurisdiction over Defendants, or from joining this MDL through the filing of a short form complaint as described in the Court's case management orders.

**IT IS ORDERED:**

1.      Defendants' motion to dismiss for lack of personal jurisdiction (E.D. Mo. Doc. 9) is **granted**.

---

[5] Plaintiffs suggest in a footnote that discovery may enable them to show personal jurisdiction in Missouri.  Doc. 21 at n.3.  The Court will not grant such discovery because it is clear that Defendants are not subject to general jurisdiction in Missouri and Plaintiffs' injuries do not arise out of Defendants' activities there.   Plaintiffs are in possession of all of the facts concerning their own receipt of an IVC filter and problems that allegedly resulted from it, and yet they never suggest that any event related to their receipt of the filter or their injuries occurred in or was related in any way to Missouri.

2.      Plaintiffs' motion to remand (Doc. 3316) is **denied** as moot.

Dated this 27th day of October, 2016.

David G. Campbell
United States District Judge